903 So.2d 1110 (2005)
STATE of Louisiana
v.
Robert CUNNINGHAM.
No. 2004-KA-2200.
Supreme Court of Louisiana.
June 13, 2005.
*1112 Charles C. Foti, Jr., Attorney General, Eddie J. Jordan, Jr., District Attorney, Trendy Lynn Sharp, Valentin Michael Solino, Battle Bell, IV, Assistant District Attorneys, for Appellant,
Katherine M. Mattes, Pamela R. Metzger, New Orleans, for Appellee.
WEIMER, Justice.
This case is before the court on appeal pursuant to La. Const. art. V, § 5(D).[1] The Appellate Division[2] of the Criminal District Court for the Parish of Orleans declared LSA-R.S. 15:499-501, statutes which provide for the admissibility of a certificate of analysis, unconstitutional. In this matter, the certificate of analysis consisted of a report from a criminalist establishing that the substance possessed by the defendant was marijuana. The defendant argues that the statutes violate his right to confront witnesses and impermissibly shift the burden of proof. For reasons that follow, we reverse that judgment and reinstate the guilty verdict rendered by Magistrate Gerard Hansen, finding the statutes do not violate defendant's constitutional rights.

FACTS AND PROCEDURAL HISTORY
On November 11, 2002, at approximately 1:50 p.m., Detective Jeff Keating of the New Orleans Police Department (NOPD) and two of his colleagues arrived at the intersection of Spruce Street and Dante Street in uptown New Orleans. The officers had planned to arrest a man whom police had earlier observed selling marijuana. As the officers parked, they observed the suspected marijuana dealer sitting on the front steps of 8238 Spruce Street. The officers also noticed the defendant riding his bike toward the suspect. The three police officers exited their car and watched as the defendant pulled his bike to a stop *1113 next to the suspected drug dealer. The officers made their way toward the porch. The defendant noticed them and attempted to discard a plastic bag containing five small sandwich bags of suspected marijuana. Police placed the defendant under arrest and confiscated the potential evidence.
On December 20, 2002, the Orleans Parish District Attorney's Office filed a bill of information charging Robert Cunningham with misdemeanor possession of marijuana, a violation of LSA-R.S. 40:966. At the arraignment on February 4, 2003, Cunningham entered a plea of not guilty. That same day, the State filed a "NOTICE OF INTENT TO OFFER INTO EVIDENCE THE STATE'S CRIMINALIST REPORT AS PRIMA FACIE PROOF" with the court indicating a copy had been served upon defense counsel on January 21, 2003. Trial was scheduled for March 18, 2003. When the defendant appeared for trial on that date without counsel, the Tulane Law Clinic was appointed to represent him, and the trial was rescheduled for April 29, 2003. The defendant proceeded to trial before Orleans Parish Magistrate Gerard Hansen. At trial, the State presented testimony regarding the circumstances surrounding the defendant's arrest.
In accordance with the provisions of LSA-R.S. 15:499-501, the State offered a criminalist's report (herein also referred to as a "certificate of analysis") as prima facie proof the substance in the zip-lock bag was marijuana. The certificate of analysis indicated that a criminalist had tested the vegetable matter recovered from the defendant and determined that it was marijuana. The defendant objected to the introduction of the hearsay laboratory report and its use as prima facie proof of the marijuana element of the charge. The objection was based on two fundamental federal and state constitutional rightsthe right to confront and cross-examine all witnesses who testify against him and the right to a trial at which the State must prove each element of the crime charged by proof beyond a reasonable doubt. The court requested briefs on the issue from both sides, and on August 18, 2003, overruled the defendant's objections.
The defendant immediately sought writs in the court of appeal. After resolving timeliness issues, the court of appeal denied relief, stating that the defendant would have an adequate remedy on appeal. State v. Cunningham, 03-1976 (La.App. 4 Cir. 12/12/03).
Following the ruling of the court of appeal, Cunningham's trial reconvened on February 2, 2004. He was convicted of possession of marijuana. The trial court sentenced defendant but stayed execution of the sentence pending appeal. Defendant appealed his conviction to the Orleans Parish Criminal District Court Appellate Division which reversed defendant's conviction and declared LSA-R.S. 15:499-501 unconstitutional. State v. Cunningham, No. 435-579 (Orleans Parish Crim. Dist. Ct.App. Div. 3/21/04).
Based on the incomplete court minutes which did not reflect the ruling of the court declaring Sections 499-501 unconstitutional, the State initially sought relief in the court of appeal. The State's motion to transfer the writ application to the Louisiana Supreme Court was granted by the court of appeal and the State appeals this ruling directly to this court.

DISCUSSION
This court is called upon to determine the propriety of the judgment of the trial court appellate division holding LSA-R.S. 15:499-501 unconstitutional. At issue is whether the statutes in question, which allow a certificate of analysis to be accepted by the trial court as prima facie proof of the substance tested without live testimony *1114 of the person performing the analysis, deprive the defendant of the right to confront and cross-examine the witness and impermissibly shift the burden of proof to the defendant.
The State contends that the statutes in question neither violate the Confrontation Clause of the state or federal constitutions nor impermissibly shift the burden of proof to the defendant. The State argues the challenged statutes provide very specific procedures to be followed in order to introduce reports or "certificates of analysis" from criminalistics laboratories. As such, the statutes protect the defendant's right to confront the authors of certificates of analysis and do not shift the burden of proof to the defendant.
The defendant argues the statutes violate both the United States Constitution and the Louisiana Constitution. A criminal defendant is guaranteed the right to confront and cross-examine witnesses against him.[3] Defendant argues the case of Crawford v. Washington, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004), bars the use at trial of testimonial out-of-court statements unless the witness is unavailable and defendant had an opportunity to cross-examine that witness. Defendant contends certificates of scientific analysis are testimonial scientific testimony which are not immune to the Crawford analysis.
We begin by examining the language of the statutes in question.[4] In enacting *1115 the statutes at issue in the instant case, the legislature set out a procedure "to provide for proof of certain matters in criminal cases... by certificate of result of laboratory examination of physical evidence, including the chain of custody of such evidence; and to provide safeguards for persons against whom such certificates may be offered." 1976 La. Acts, No. 439. The current statutes authorize all criminalistics laboratories, coroners, forensic pathologists, and other experts in gathering, examination, and analysis of evidence by scientific means "to make proof of examination and analysis of physical evidence by the certificate of the person in charge of the facility in which such examination and analysis is [sic] made." LSA-R.S. 15:499. The certificates shall include the date and time that the evidence was delivered to the facility, the names of the individuals delivering and receiving the evidence, a description of the evidence, the kind of examination or analysis requested, the name of the person making the examination or analysis, the date or dates of the examination or analysis, and the results of the examination or analysis. LSA-R.S. 15:499(A). The certificate shall give the name and address of the facility in which the examination or analysis was made and shall be signed by the person making the examination or analysis and by the person in charge of the facility. LSA-R.S. 15:499(B). The party seeking to introduce the certificate must provide written notice of its intent to do so at least 10 days before trial and provide a copy of the certificate. LSA-R.S. 15:501(A). Unless the party against whom the certificate is offered requests a subpoena for the person performing the analysis at least five days before trial, LSA-R.S. 15:501(B)(1), the statute requires a court to receive the certificate in evidence as prima facie proof of the facts shown thereon, and as prima facie proof of proper custody of the physical evidence listed thereon from time of delivery of said evidence to the facility until its removal therefrom. LSA-R.S. 15:500. Because LSA-15:501(A) and (B)(1) make reference to "the party," either the State or the defendant can take advantage of the statutory procedure. However, LSA-R.S. 15:501(B)(2), only refers to the attorney for defendant or the defendant acting in his own defense. This provision requires that the request for a subpoena to the person who performed the examination or analysis shall contain a certification that there is an intent to conduct the cross-examination in good faith.
In enacting the above statutes, the legislature sought to establish a procedure to relieve the party desiring to introduce a certificate of the burden of having to produce the person who performed tests on *1116 the evidence. State v. Davis, 438 So.2d 1288, 1290 (La.App. 3 Cir.1983), writ denied, 445 So.2d 455 (1984). This procedure allows a party to submit a document in place of a witness's direct examination and requires a court to accept such a document as prima facie proof of the facts shown and of proper custody of the physical evidence, provided the certificate is in accordance with LSA-R.S. 15:499 and subject to the conditions contained in LSA-R.S. 15:500-501. See LSA-R.S. 15:500. If, at least five days prior to commencement of the trial, the party against whom such certificate is offered requests a subpoena be issued to the person who performed the examination or the person subpoenaed responds to the subpoena, the certificate shall not be prima facie proof of its contents or of proper custody. LSA-R.S 14:501(B)(1). Prima facie evidence is defined in BLACK'S LAW DICTIONARY, 579 (7th ed.1999), as "[e]vidence that will establish a fact or sustain a judgment unless contradictory evidence is produced." Prima facie evidence is not conclusive proof. Thus, even if admitted, the defendant can attack the certificate of analysis. See LSA-C.E. art. 806.[5]
As an initial matter, statutes are presumed constitutional, and any doubt is to be resolved in the statute's favor. State v. Brenner, 486 So.2d 101, 103 (La.1986); Theriot v. Terrebonne Parish Police Jury, 436 So.2d 515, 520 (La.1983). The party challenging the constitutionality of a statute bears a heavy burden in proving that statute unconstitutional. State v. Brooks, 541 So.2d 801, 811 (La.1989); State v. Griffin, 495 So.2d 1306, 1308 (La.1986). Pursuant to LSA-R.S. 1:3:
Words and phrases shall be read with their context and shall be construed according to the common and approved usage of the language. Technical words and phrases, and such others as may have acquired a peculiar and appropriate meaning in the law, shall be construed and understood according to such peculiar and appropriate meaning.
See also LSA-R.S. 14:3. In construing statutes, courts must endeavor to give an interpretation that will give them effectiveness and purpose, rather than one which makes them meaningless. State v. Union Tank Car Company, 439 So.2d 377, 382 (La.1983). If there are two ways to interpret a statute, courts are to interpret the statute in such a manner to uphold the constitutionality. State v. Interiano, 03-1760, p. 4 (La.2/13/04), 868 So.2d 9, 13; State v. LeCompte, on reh'g, 406 So.2d 1300, 1311 (La.1981). "[A] court may avoid constitutional problems by adopting a narrowing construction of the statute as long as that interpretation remains consistent with the overall purpose behind the legislation." State v. Interiano, 03-1760 at 4; 868 So.2d at 13; see also State v. Muschkat, 96-2922, p. 10 (La.3/4/98), 706 So.2d 429, 434.
The admissibility of certificates of analysis is not specifically addressed in the Code of Evidence. However, the code does indicate "except as specifically provided otherwise by legislation," certain matters are admissible.[6]See LSA-C.E. art. *1117 803(8)(b). Comments (a) to Article 803(8) specifically states LSA-R.S. 15:499-501 are the type of admissible evidence which is "specifically provided otherwise by legislation." Comments (a) to the hearsay exceptions of Article 803(8) indicates special statutory provisions remain in effect and the restrictions enumerated do not apply to the admissibility of information that is "specifically provided . . . by legislation."[7] Thus, pursuant to specific legislation, the certificate of analysis is an exception to the hearsay rule and thus admissible.
In State v. Powdrill, 95-2307, pp. 11-12 (La.11/25/96), 684 So.2d 350, 358, this court had the opportunity to address a defendant's right of confrontation as affected by a portion of the state securities law, LSA-R.S. 51:721(B),[8] a statute similar in effect to the procedure set forth in LSA-R.S. 15:499-501. The trial court reasoned the introduction into evidence of a certificate of non-compliance would deny defendants their right to confront the commissioner about the finding. Consequently, the trial court found the statute unconstitutional.
This court reversed, noting the subsection in question can be utilized by either party. Further, the statute does not preclude the defense from calling the commissioner as a witness and cross-examining him because defendant is entitled to subpoena the commissioner to question him about the preparation of the certificate and the information on which it is based. The court held that LSA-R.S. 51:721(B) "acts as nothing more than a firmly rooted evidentiary exception to hearsay which does not violate a defendant's right of confrontation." State v. Powdrill, 95-2307 at 11, 684 So.2d at 358.
In State v. Nicholas, 359 So.2d 965, 968-69 (La.1978), this court noted that the public records exception to the hearsay rule rests on the premise that "an individual entrusted with a duty will do his duty and make a correct statement" and dispenses with any requirement that the offering party demonstrate the unavailability of the declarant "largely because of the public inconvenience that would otherwise result from the disruption of public business to be occasioned by the continual summoning of public officers to prove routine facts reflected by their records with a high probability of accuracy."
Although this court has not had the opportunity to address the issue of whether *1118 LSA-R.S. 15:499-501 conflict with defendant's right to confrontation, several appellate courts have. In State v. Hopkins, 94-337(La.App. 3 Cir. 11/2/94), 649 So.2d 673, the defendant objected to the use of the certificate of analysis because he claimed it was not in strict conformity with the provisions of LSA-R.S. 15:499. The court disagreed, finding the statute is primarily an enabling one. The statute "relieves crime lab personnel from the necessity of appearing at trial when there is no real question or issue surrounding the validity of the analysis performed by the crime lab technician." State v. Hopkins, 94-337 at 8, 649 So.2d at 678, quoting State v. Mims, 524 So.2d 526, 536 (La.App. 2 Cir.), writ denied, 531 So.2d 267 (1988). The court noted that defendant did not dispute the substance tested was properly identified.
In State v. Matthews, 632 So.2d 294, (La.App. 1 Cir.1993), defendant asserted that LSA-R.S. 15:499-501 were unconstitutional because the statutes shift the burden of proof from the State to the defendant. The court noted defendant had not requested a subpoena issue to the person performing the tests to appear at trial. The statute provides that if the subpoena is requested at least five days prior to commencement of the trial or the person subpoenaed responds, the certificate shall not be prima facie proof of its contents or of proper custody. The court did not find "the requirement that defendant request the preparer of the certificate to testify is tantamount to requiring the defendant to put on the proof [. The] requirement is not an onerous burden that deprives defendant of any constitutional rights." State v. Matthews, 632 So.2d at 301.
In State v. Landry, 583 So.2d 911 (La. App. 1 Cir.1991), the defendant had timely requested issuance of the subpoena. During the trial, the State offered the report of the criminalistics laboratory into evidence over defendant's objection. The State argued that although he had timely requested the subpoena, defendant waived his rights by not objecting until the State sought to introduce the report rather than prior to commencement of the trial. Defendant argued his constitutional rights of confrontation and cross-examination were denied. The appellate court agreed, relying on the language of LSA-R.S. 15:501(B) and the holding in City of Shreveport v. Burroughs, 511 So.2d 782, (La.App. 2 Cir. 1987), and reversed defendant's conviction and sentence for distribution of ecstasy. The court quoted from City of Shreveport v. Burroughs:
When the defendant subpoenas the person who made the certificate more than five days prior to trial, the state is made aware that the certificate will not be admissible into evidence in lieu of the testimony of the person who made the certificate, and it is incumbent upon the state to procure the attendance of the person who made the certificate at trial and to offer his or her testimony to establish the results of the examination as proof of an element of the offense charged. It is the state's burden, not the defendant's, to go forward with proof of the elements of the crime and there is no reason why the defendant should ask for continuance when the subpoenaed witness fails to appear at trial.
City of Shreveport v. Burroughs, 511 So.2d at 783.
The court in State v. Mims, supra, addressed defendant's objection to the admission of the crime laboratory's certificate claiming improper notice, improper form, and failure to comply with LSA-R.S. 15:499. The court found notice had been properly given of the State's intent to introduce the certificate prior to the first trial which ended in a mistrial. The court *1119 concluded there was no requirement that the State send a renewal of the notice. In doing so, the court found the "purpose of the statute is to inform defendant that such a certificate exists and that it will be used against him. It prevents confusion or surprise, and it aids defendant in preparing an adequate defense." State v. Mims, 524 So.2d at 536.
In this case defendant relies on the recent ruling by the United States Supreme Court in Crawford, supra. The defendant argues that the certificate of scientific analysis is testimonial scientific testimony which is not immune to the Crawford analysis. The State argues that Crawford applies only to testimonial statements which do not include business records and official records which are excluded from the court's definition of testimonial. The State further argues the certificate of analysis should be treated as nontestimonial because it is provided according to scientific procedures and analysis intended to convey results of scientific tests and not individual testimony of anything that occurred at a crime scene.
In Crawford, the Supreme Court held out-of-court statements by witnesses that are testimonial are barred under the Confrontation Clause unless the witnesses are unavailable and the defendant had prior opportunity to cross-examine the witnesses, regardless of whether such statements are deemed reliable by the court. In Crawford, the lower court allowed the use of a spouse's recorded statement to be used in lieu of live testimony because the defendant invoked the marital privilege. The Supreme Court granted certiorari to determine whether the State's use of the spouse's statement violated the Confrontation Clause.
The State argues that Crawford applies only to "testimonial statements." Although the court specifically left "for another day [the] effort to spell out a comprehensive definition of `testimonial,'" it was noted that at a minimum it included "prior testimony at a preliminary hearing, before a grand jury, at a former trial; and to police interrogations." Crawford, 124 S.Ct. at 1374. In his concurrence Chief Justice Rehnquist noted:
To its credit, the Court's analysis of "testimony" excludes at least some hearsay exceptions, such as business records and official records. See ante, at 1367. To hold otherwise would require numerous additional witnesses without any apparent gain in the truth-seeking process. Likewise to the Court's credit is its implicit recognition that the mistaken application of its new rule by courts which guess wrong as to the scope of the rule is subject to harmless-error analysis. See ante. at 1359, n. 1.
Crawford, 124 S.Ct. at 1378.
Upon careful review of the Crawford opinion, we find that Crawford is not controlling, believing the statutes at issue provide a party with notice that a certificate of analysis will be offered into evidence absent an objection. These statutes are a formalized means of effectuating a stipulation to the admissibility of matters which often are not in dispute. See State v. Hancock, 317 Or. 5, 854 P.2d 926, 929 (7/1/93), where the court indicated a defendant is advised the State will allow the defendant to select the manner in which the State must prove the nature of the controlled substance. After the State has put the defendant on notice, the statute provides the defendant with a small procedural step which must be taken to exercise the right to confrontation. In essence, it is the defendant's decision which dictates whether the State must produce the individual who prepared the report or whether the defendant will agree to use of the criminalist's report. The court analogized this evidence to other kinds of hearsay *1120 evidence which are admissible and raise no constitutional problems if the defendant does not object or if the defendant stipulates to admissibility. The report does not come into evidence if a subpoena is issued for the appearance of the criminalist. This construction protects the defendant's rights of confrontation and avoids confrontation problems. Id.
Although there is no statistical data available before this court as to the number of cases that would be involved in Louisiana,[9] we note the Oregon Supreme Court in considering a similar statute reported "the Oregon Crime Laboratory received approximately 8,800 subpoenas, but criminalists actually testified in only 10 percent of the cases." State v. Hancock, 854 P.2d at 929. In Hancock, the defendant claimed the statute violated the state and federal Confrontation Clauses. The Oregon Supreme Court thoroughly examined the statute and found it provided a "`reasonable procedure' that must be followed in order for a defendant to exercise a constitutional rightin this case, the confrontation right." State v. Hancock, 854 P.2d at 928. All a defendant had to do to compel the State to prove its case through live testimony was to put the State on notice by subpoenaing the criminalist. The court found the procedure of having the defendant subpoena the criminalist was neither unreasonable nor unfair. State v. Hancock, 854 P.2d at 930. Thus, the court affirmed the lower court rulings that the statute did not violate a defendant's constitutional right of confrontation by providing a means for the defendant to subpoena the criminalist.
It has long been recognized that a defendant may voluntarily waive the right to confront when the situation proves advantageous. Diaz v. United States, 223 U.S. 442, 450, 32 S.Ct. 250, 252, 56 L.Ed. 500 (1912).
In another case concerning a so-called "notice and demand" statute, similar to LSA-R.S. 15:499-501, that provides a procedure whereby a laboratory certificate may be admitted into evidence without the presence of the laboratory employee, the New Jersey Supreme Court determined that it did not violate a defendant's right to confrontation to require the defendant to request the presence of the person who prepared the laboratory report within a given time frame. State v. Miller, 170 N.J. 417, 790 A.2d 144 (1/23/02). In Miller, the State notified defense counsel of its intent to proffer the laboratory certificate at trial pursuant to New Jersey's statute. The defendant timely objected; however, the State never received notice of the objection. Under the New Jersey statute, once an objection is filed, admissibility of the certificate shall be determined no later than two days before trial. Failure to comply with the time limitations regarding notice of objection shall constitute a waiver to admission of the certificate. In Miller, there was no hearing prior to trial. The trial court admitted the certificate over defendant's objection. The appellate court affirmed. The New Jersey Supreme Court granted certification limited to the issue of the trial court's admission of the laboratory certificate into evidence. The court, citing Maryland v. Craig, 497 U.S. 836, 845, 110 S.Ct. 3157, 3163, 111 L.Ed.2d 666, 678 (1990), noted "`[t]he central concern of the Confrontation Clause is to ensure reliability of the evidence against a criminal defendant by subjecting it to rigorous testing' in an adversarial proceeding." *1121 State v. Miller, 170 N.J. at 425, 790 A.2d 144.
Following a thorough analysis, the New Jersey Supreme Court found the statute "require[d] only that a defendant object to the lab certificate and assert that the composition, quality, or quantity of the tested substance will be contested at trial." State v. Miller, 170 N.J. at 436, 790 A.2d 144. The matter was remanded to the trial court for a hearing at which the State would bear the burden of proving the reliability of the scientific methodology underlying the report. State v. Miller, 170 N.J. at 438, 790 A.2d 144.[10]
We acknowledge that other courts have evaluated similar statutes with varying degrees of skepticism depending on the manner in which the statutes were written. See City of Las Vegas v. Walsh, 120 Nev. 392, 91 P.3d 591 (6/11/04); People v. McClanahan, 191 Ill.2d 127, 246 Ill.Dec. 97, 729 N.E.2d 470 (4/20/2000); Miller v. State, 266 Ga. 850, 472 S.E.2d 74 (7/1/96); Barnette v. State, 481 So.2d 788 (Miss. 1985); State v. Christianson, 404 A.2d 999 (Me.1979).
Following a thorough consideration of this matter, we find the Appellate Division of the Criminal District Court for the Parish of Orleans erred in holding LSA-R.S. 15:499-501 unconstitutional. The statutes do not infringe upon defendant's constitutional right to confrontation. Defendant merely has to subpoena the person who performed the examination or analysis of the evidence. If the defendant requests the subpoena at least five days prior to trial or if the person subpoenaed responds to the subpoena, the provisions of the statute provide that the certificate shall not be prima facie proof of its contents or proper custody. As the State conceded at oral argument, once the defendant requests the subpoena, the certificate of analysis has no evidentiary value and the State must call the relevant witnesses to prove its case.
From a practical standpoint, these statutes are no different from a situation in which the State offers hearsay evidence at trial. If defendant does not contemporaneously object, the hearsay is allowed into evidence.[11] In State v. Hancock, 854 P.2d 928, the Oregon Supreme Court found the statute provided a "reasonable procedure" which must be followed for the defendant to exercise a constitutional right to confrontation. That finding was premised on the principle that it is permissible to establish reasonable procedures to be followed in order to exercise a right guaranteed by the constitution. Poulos v. New Hampshire, 345 U.S. 395, 405, 73 S.Ct. 760, 766, 97 L.Ed. 1105 (1953).
Review of the applicable statutes indicates Section 501(A) applies to "the party" seeking to introduce a certificate of *1122 analysis and Section 501(B)(1) refers to "the party" against whom such certificate is offered. As such, these provisions apply to the State and the defendant. Thus, either party may benefit from the procedure outlined in the statute. However, as indicated previously, Section 501(B)(2) only refers to the defendant, who is required to certify an intention to "in good faith" conduct cross-examination. Because only the defendant, and not the State, is required to certify he intends in good faith to conduct cross-examination, such a requirement must be evaluated in light of the defendant's right to confront witnesses and to demand that the State prove its case and also must be evaluated in light of the fact that strategies may change as the case unfolds. Because the good-faith certification of LSA-R.S. 15:501(B)(2) is imposed only on the defendant, it must be construed so as not to be an unconstitutional violation of the confrontation clause. Consequently, the burden to demonstrate good faith must be featherweight so as not to adversely impact the defendant's right to confrontation.[12] The defendant can satisfy the good-faith requirement by merely indicating a preference for live testimony by requesting a subpoena issue for the preparer of the certificate of analysis.

CONCLUSION
In this case the State timely provided notice of its intent to use the criminalist report. The defendant did not avail himself of the opportunity to subpoena the person preparing the report. Instead, defendant objected at trial to the introduction into evidence of the certificate of analysis claiming that the statute is "an unconstitutional violation of his Sixth Amendment right to confront and cross-examine witnesses who testify against him." Defendant further argued the statute "shifts the burden to [the defendant] to require that he in fact makes some assertion of that Constitutional right." For the foregoing reasons, we reject those arguments.
The judgment of the Appellate Division of Criminal District Court for the Parish of Orleans finding LSA-R.S. 15:499-501 unconstitutional is reversed. Defendant's conviction and sentence are reinstated. The matter is remanded to the trial court for further proceedings consistent with this opinion.
REVERSED and REMANDED.
KNOLL, J., concurs in result.
CALOGERO, C.J., and JOHNSON, J., dissent and assign reasons.
CALOGERO, Chief Justice dissenting and assigning written reasons.
I respectfully dissent from the majority's decision that reverses the judgment declaring La.Rev.Stat. 15:499-501 unconstitutional, and that reinstates the guilty verdict in this case. I agree with the holding of the Appellate Division of the Orleans Parish Criminal District Court that the statutes in question, which require Louisiana courts in criminal cases to admit certificates of authenticity under certain situations, are unconstitutional for two reasons: (1) because they violate the defendant's right to confront his accusers, and (2) because they improperly shift the burden of proof to the defendant by relieving the State of the responsibility to prove every element of the charged offense beyond a reasonable doubt. Accordingly, I *1123 would affirm the judgment reversing the defendant's conviction and declaring La. Rev.Stat. 15:499-501 unconstitutional.
A defendant's right to confront his accusers is guaranteed by the Confrontation Clause of the Sixth Amendment of the United States Constitution. The United States Supreme Court recognized the following three purposes for the Confrontation Clause in California v. Green, 399 U.S. 149, 90 S.Ct. 1930, 26 L.Ed.2d 489 (1970):
(1) insures that the witness will give his statements under oaththus impressing him with the seriousness of the matter and guarding against the lie by the possibility of a penalty for perjury; (2) forces the witness to submit to cross-examination, the `greatest legal engine ever invented for the discovery of truth' [and] (3) permits the jury that is to decide the defendant's fate to observe the demeanor of the witness in making his statement, thus aiding the jury in assessing his credibility.
Green, 399 U.S. at 158, 90 S.Ct. 1930. Because the definition of "statement" in La.Code of Evid. Art. 801(A) has been interpreted to include written assertions, like the certificates of authenticity at issue herein, La.Rev.Stat. 499-501 requires district courts to admit statements that would otherwise be inadmissible without affording the jury an opportunity to observe the expert witness as he makes the statement, in violation of the Confrontation Clause as interpreted by the United States' Supreme Court in Green. This violation of the Confrontation Clause is further exacerbated by the fact that La.Rev.Stat. 15:499-501 do not require the certificate of authenticity that the district courts are required to admit to be prepared under oath, and do not provide any other means for insuring the reliability of the expert reports, particularly since the certificates are not required to contain information concerning the qualifications of the expert performing the analysis, or the laboratory or corporation where the analysis is performed. A further problem is grounded in the fact that La.Rev.Stat. 15:499 broadly defines the persons and facilities authorized to prepare certificates of authenticity to include a number of different groups, each of which sets its own standards for quality and none of which are subject to independent review, further calling the reliability of the reports into question. The effect of all these factors is that La.Rev.Stat. 15:499-501 effectively allows the State to bypass the procedural safeguards typically used to assess the reliability of expert testimony. The provisions therefore violate the "primary object" of the Confrontation Clause to prevent the use of evidence against a defendant "in lieu of personal examination and cross-examination." Barber v. Page, 390 U.S. 719, 721, 88 S.Ct. 1318, 20 L.Ed.2d 255 (1968), quoting Mattox v. United States, 156 U.S. 237, 242-43, 15 S.Ct. 337, 39 L.Ed. 409 (1895).
The majority rejects defendant's arguments based on the Confrontation Clause by trying to distinguish this case from the United States' Supreme Court's recent decision in Crawford v. Washington, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004). The majority admits that the holding in Crawford bars the admission of "out-of-court statements by witnesses that are testimonial" unless two things are true: (1) the witnesses are unavailable, and (2) the defendant had prior opportunity to cross-examine the witnesses. The rule applied in Crawford does not control the result in this case, the majority concludes, because "the statutes at issue provide a party with notice that a certificate of analysis will be offered into evidence absent an objection," and because the statutes "are a formalized means of effectuating a stipulation to the admissibility of *1124 matters which often are not in dispute." According to the majority, the fact that the defendant is provided notice, then provided "with a small procedural step which must be taken to exercise the right to confrontation," protects the defendant's "rights of confrontation and avoids confrontation problems." The majority finds that under La.Rev.Stat. 15:499-501, "it is the defendant's decision [that] dictates whether the State must produce the individual who prepared the report or whether the defendant will agree to use of the criminalist's report." In short, the majority's decision improperly places the burden for enforcing the Confrontation Clause on the defendant, and even removes the district court's discretion to decide whether a different rule might be appropriate under the facts of a given case, since La.Rev. Stat. 15:500 requires courts to admit certificates of authenticity as prima facie proof, so long as the State provides notice and the defendant fails to subpoena the witness who prepared the certificate, all within a very short time frame before commencement of trial in the matter.
The majority's finding that the Confrontation Clause is not violated by La.Rev. Stat. 15:499-501 because the defendant is required only to take "a small procedural step" in order to exercise the right to confrontation, overlaps with the second reason the so-called certificate-of-authenticity statutes are unconstitutional. The statutes, as interpreted by the majority, place the burden on the defendant to prove that the certificates are not reliable and require that the defendant subpoena and cross-examine the party preparing the certificate in order to attack the reliability of the certificates. Thus, the procedure established by La.Rev.Stat. 15:499-501 clearly shifts the burden away from the State to prove each and every element of the charged offense beyond a reasonable doubt. This is especially true because, as explained above, the statutes do not require that the certificate be prepared under oath or otherwise guarantee the reliability of the certificate.
Finally, La.Rev.Stat. 15:501(B)(2) increases the improper burden placed on the defendant by specifically requiring that a defendant seeking to subpoena the person preparing a certificate of authenticity (and thereby exercise his constitutional right to confrontation), to certify his intention to conduct the cross-examination in good faith. This provision seems to require that the defendant or his attorney certify to the existence of a good faith reason for doubting the reliability of the certificate, a very heavy burden for a defendant who obviously is not privy to the procedures used by the party preparing the certificate. The majority's mere statement that this burden is actually "featherweight" does not make the improper shifting of the burden of proof any less violative of the defendant's constitutional rights. Further, I fail to understand how the majority can find that its statement that the good-faith requirement is "featherweight" automatically makes a clearly-unconstitutional requirement constitutional. Does the majority's statement that the defendant's burden is light change the fact that the statutes place an improper burden on the defendant to take an affirmative action before being afforded constitutional Confrontation Clause rights and protections?
JOHNSON, J., dissenting and assigning written reasons.
As the author of State v. Powdrill, 95-207 (La.11/25/96) 684 So.2d 350, I feel compelled to distinguish the holding of that case from the matter before us.
In Powdrill, the defendants were charged with making false and/or misleading statements to investors in violation of *1125 Louisiana Securities law. Powdrill, 684 So.2d 350, 353. Defendants argued that the introduction into evidence of a certificate of compliance from the commissioner of securities pursuant to La. R.S. 51:712(A)(2) and 721(A) impermissibly placed the burden of proof upon the defendants in violation of In re Winship, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970), and that La. R.S. 51:721(B) denied them their constitutional right of confrontation.
The Powdrill court held that Section 712(A) unconstitutionally shifted the burden of proof to the defendants to prove that their conduct was not violative of the securities laws, but reversed the trial court's finding that Sections 721(A) and (B) are unconstitutional.
La. R.S. 51:712(A)(2) provides:
A. It shall be unlawful for any person:
(2) To offer to sell or to sell a security by means of any oral or written untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they are made, not misleading, the buyer not knowing of the untruth or omission, if such person in the exercise of reasonable care could not have known of the untruth or omission.
The state argued that the last phrase of Section 712(A)(2) should be read as an affirmative defense. We disagreed, finding that "The state may not place the burden of persuasion on an issue upon the defendant if the truth of the `defense' would necessarily negate an essential element of the crime charged." Id. at 355. Holding that proof of willful behavior requires the state to show that a defendant acted knowingly and deliberately, this Court determined that proof submitted by the defendant "that he did not know, and in the exercise of reasonable care could not have known" would necessarily negate the state's burden of proving that the defendant acted willfully and knowingly. Id. Thus, this Court found Section 712(A)(2) unconstitutional.
In contrast, this Court upheld Sections 721(A) and (B), finding that since the statute articulated the prima facie evidence necessary to prove an affirmative defense to the securities laws, the burden of proof was not impermissibly shifted.
La. R.S. 721(A) and (B) provide:
§ 721. Burden of proving exemption; certificate of compliance or noncompliance as evidence; admissibility of copies of records
A. In any action, civil or criminal, where a defense is based upon any exemption provided for in this Part, the burden of proving the existence of the exemption shall be upon the party raising such defense.
B. In any action, civil or criminal, a certificate signed and sealed by the commissioner, stating compliance or non-compliance with this Part, shall constitute prima facie evidence of such compliance or non-compliance with this Part and shall be admissible in any such action.
Defendants argued that Section 721(A) permits the state to obtain a conviction without having to prove every element of the crime beyond a reasonable doubt. Id. at 359. We found that the Louisiana Securities laws provided for certain affirmative defenses. Id. We further held that the Legislature's placing the burden of proving the existence of an affirmative defense upon the defendant was permissible as "this type of `burden shifting' is found in many criminal statutes and is not unconstitutional because proof of the `defense' does not necessarily negate an essential element of the crime." Id.
*1126 In the matter sub judice, defendant is not merely asserting an affirmative defense to the state's charges. To secure a conviction against a defendant for misdemeanor possession of marijuana, the state has the burden of proving all elements of the crime, including whether the vegetable matter confiscated from the defendant is, in fact, marijuana. A criminal defendant has the constitutionally recognized right to demand that the state prove every element of its case, which includes the trustworthiness of its experts and the methods used to reach their conclusions.
La. R.S. 15:501(B)(2) requires that a defendant subpoena the state's expert witness within certain time limits and certify a "good faith" challenge to the expert's credibility and the procedures used to reach his or her factual conclusion. Failure to do so allows the state to prove one of the elements of its case with an untested document rife with hearsay. Requiring the defendant to take any affirmative step, however "featherweight," results in an encroachment upon defendant's constitutionally recognized rights.
Powdrill is also instructive in analyzing the issue of whether the defendant has been denied his Sixth Amendment right of confrontation. In Powdrill, defendants alleged that Section 721(B) denied them their Sixth Amendment right to confrontation. Id. at 353. The trial court agreed and ruled the statute unconstitutional. Id. This Court reversed and held that the commissioner's certificate was a public record as defined by La. C.E. art. 303(8). Id. at 358. Citing State v. Nicholas, 359 So.2d 965, 968 (1978), we determined that the commissioner's certificate possessed the requisite trustworthiness to fall within the public records hearsay exception. Id. at 358. Thus, Section 721(B) did not deny defendants their right of confrontation.
Here, the legislature's endorsement of La. R.S. 15:499-501 as a public records hearsay exception cannot cure the unconstitutionality of the statute or the violation of defendant's Sixth Amendment right of confrontation. First, criminalistics laboratory, coroner, forensic pathologist and other reports initiated by the prosecution in the investigation and prosecution of crimes possess none of the "longstanding judicial and legislative experience in assessing the trustworthiness of certain types of out-of-court statements" which we found applicable in Powdrill. Id. at 358. This is especially troubling considering that several of the entities at issue set their own standards, and none is subject to independent review. Due to the automatic admissibility provision mandated by La. R.S. 15:499-501, the state is permitted to circumvent the procedural safeguards usually associated with expert testimony. This, despite the fact that in every other instance where an expert witness is called, absent a stipulation, the state must first submit evidence regarding the witness' qualifications and the basis for his opinion. See La. C.E. art. 702 and 705(B).
Further, the vague "good faith" certification required of a defendant and/or his attorney presents additional challenges. First, the majority has afforded the trial court little guidance regarding the sufficiency of defendant's "good faith" challenge to an expert's certificate. If a defendant's burden to demonstrate good faith is truly "featherweight" and premised upon the wherewithal to act within the five day time limit and indicate "a preference for live testimony", then the majority holding has effectively rendered La. R.S. 15:501(B)(2) superfluous and without substantive effect. See First Nat. Bank of Boston v. Beckwith Machinery Co., 94-2065 (La.2/20/95), 650 So.2d 1148, 1153.
*1127 Also of concern is the potentially chilling effect that the "good faith" requirement may have upon criminal defense attorneys, especially newer, less experienced attorneys attempting to provide zealous advocacy for their clients within the five day time limit. Rule 3.1 of the Louisiana Rules of Professional Conduct provides:
A lawyer shall not bring or defend a proceeding, or assert or controvert an issue therein, unless there is a basis for doing so in good faith, which includes a good faith argument for an extension, modification or reversal of existing law. A lawyer for the defendant in a criminal proceeding, or the respondent in a proceeding that could result in incarceration, may nevertheless so defend the proceeding as to require that every element of the case be established. [Emphasis supplied].
Despite the protections afforded by Rule 3.1, an attorney faced with an expert's certificate may be placed in an uncomfortable quandary when weighing the option of demanding that the state prove every element of the crime, which is the state's burden, or being in "bad faith" for challenging a certificate which has been declared reliable by legislative fiat.
Finally, the "featherweight" burden placed upon a criminal defendant is more onerous for indigent and unrepresented persons. La. R.S. 15:501(B) requires that a criminal defendant subpoena the person supplying the certificate at least five days prior to trial if he or she wishes to challenge the introduction of the certificate as prima facie evidence. We know from experience that public defenders are overworked and assigned hundreds of cases. They have limited staff for investigation and fewer financial resources. Requiring that a subpoena issue five days prior to trial would be an impossible burden for many indigent defendants, who would be penalized for their advocate's lack of resources by having the state prove an element of its case with inadmissible hearsay.
For these reasons, I respectfully dissent from the majority decision. In my view, La.Rev.Stat. 15:499-501 is unconstitutional, and defendant's guilty verdict should be set aside.
NOTES
[1] La. Const. art. V, § 5(D) provides, in part:

In addition to other appeals provided by this constitution, a case shall be appealable to the supreme court if (1) a law or ordinance has been declared unconstitutional.
[2] LSA-R.S. 13:1337 provides, in part:

In all cases tried before the judges of the criminal district court in which an appeal does not lie to the supreme court, an appeal shall lie on questions of law and fact to two or more of the judges of the criminal district court, as prescribed by said court. The criminal district court shall adopt rules regulating the manner of taking and hearing and deciding such appeals.
[3] The Sixth Amendment to the United States Constitution provides, in pertinent part: "In all criminal prosecutions, the accused shall enjoy the right ... to be confronted with the witnesses against him." That portion of the Sixth Amendment is commonly referred to as the Confrontation Clause.

The Louisiana Constitution grants defendants a similar right in Article I, § 16 which provides, in part: "An accused is entitled to confront and cross-examine the witnesses against him, to compel the attendance of witnesses, to present a defense, and to testify in his own behalf."
[4] LSA-R.S. 15:499 provides as follows:

A. All criminalistics laboratories established by laws of this state or by laws of the United States, and all coroners, forensic pathologists, and other persons, partnerships, corporations, and other legal entities practicing in fields of knowledge and expertise in the gathering, examination, and analysis of evidence by scientific means are authorized to make proof of examination and analysis of physical evidence by the certificate of the person in charge of the facility in which such examination and analysis is [sic] made. Such certificate shall list:
(1) The date and time such evidence was delivered to such facility.
(2) The name of the person making such delivery, and the person receiving same.
(3) A brief description of the evidence.
(4) The type of examination or analysis requested.
(5) The name of the person making the examination or analysis.
(6) The date or dates of the examination or analysis.
(7) The results of the examination or analysis.
B. The certificate shall give the name and address of the facility in which the examination or analysis was made, and shall be signed by the person making the examination or analysis and by the person in charge of the facility.
C. Criminalistics laboratories are authorized to utilize electronic signatures in order to comply with the provisions of Subsection B of this Section once final review of the certificate of analysis is completed. For purposes of this Section, "electronic signature" shall mean an electronic sound, symbol, or process attached to or logically associated with a record and executed or adopted by a person with the intent to sign the record.
LSA-R.S. 15:500 provides as follows:
In all criminal cases and in all cases in juvenile or family courts which are of a criminal nature, and in civil forfeiture proceedings arising from criminal activity, the courts of this state shall receive as evidence any certificate made in accordance with R.S. 15:499 subject to the conditions contained in this Section and R.S. 15:501. The certificate shall be received in evidence as prima facie proof of the facts shown thereon, and as prima facie proof of proper custody of the physical evidence listed thereon from time of delivery of said evidence to the facility until its removal therefrom.
LSA-R.S. 15:501 provides as follows:
A. The party seeking to introduce a certificate made in accordance with R.S. 15:499 shall, not less than ten days prior to the commencement of the trial, give written notice of intent to offer proof by certificate. Such notice shall include a copy of the certificate.
B. (1) The party against whom such certificate is offered shall be permitted to subpoena on cross-examination, the person who performed the examination or analysis of the evidence. If the subpoena is requested at least five days prior to the commencement of trial or the person subpoenaed responds to the subpoena, the certificate shall not be prima facie proof of its contents or of proper custody.
(2) When the attorney for the defendant, or the defendant acting in his own defense, requests that a subpoena issue to the person who performed the examination or analysis, the request shall be in writing and shall contain a certification that the attorney or the defendant intends in good faith to conduct the cross-examination.
[5] LSA-C.E. art. 806 provides:

When a hearsay statement, or a statement defined in Article 801(D)(2)(c) or (D)(3), has been admitted in evidence, the credibility of the declarant may be attacked, and if attacked may be supported, by any evidence which would be admissible for those purposes if declarant had testified as a witness. Evidence of a statement or conduct by the declarant at any time, offered to attack the declarant's credibility, is not subject to any requirement that he may have been afforded an opportunity to deny or explain. If the party against whom a hearsay statement has been admitted calls the declarant as a witness, the party is entitled to examine him on the statement as a witness identified with an adverse party.
[6] In the words of the code, certain documents are "excluded from this exception to the hearsay rule." LSA-C.E. art. 803(8)(b). Simply stated, hearsay is generally inadmissible. Exceptions to the hearsay rule allow evidence to be admitted. Exclusions to the exceptions mean the evidence is inadmissible.
[7] Comments (a) to exception (8) provides, in part:

This Paragraph clarifies Louisiana law for the admissibility of public records not admissible under other statutory provisions. Although Subparagraph (b) restricts the scope of this public records exception, it also provides that the restrictions enumerated therein do not apply to those public records whose admissibility is "specifically provided ... by legislation." Thus such special statutory provisions remain in effect. These include R.S. 15:529.1(F) (prison and clerk of court certificates admissible under the habitual offender law), R.S. 15:499-500 (admissibility of certificates of results of laboratory examinations), R.S. 15:585 (admissibility of records of Louisiana Bureau of Criminal Identification), R.S. 32:1473 (admissibility of records of convictions of motor vehicle offenses), and R.S. 13:3714 (admissibility of hospital records). Further clarification is provided in its establishment of a separate public records exception that is not controlled by the requirements of the business records exception. [Emphasis supplied.]
[8] LSA-R.S. 51:721(B) provides:

In any action, civil or criminal, a certificate signed and sealed by the commissioner, stating compliance or non-compliance with this Part, shall constitute prima facie evidence of such compliance or non-compliance with this Part and shall be admissible in any such action.
[9] During oral argument, the State suggested that as many as twenty marijuana cases can be processed during each session of night court in Orleans Parish.

We have examined the legislature history surrounding the enactment of the statutes and found this history unenlightening.
[10] The court referred to the New Jersey statute as a "notice and demand" statute intended to protect defendant's constitutional rights while at the same time relieving the prosecution of producing the person conducting the scientific test when the test results are not a contested issue. The statute eliminates the perfunctory court appearances of laboratory employees. Admissibility of the laboratory certificate under New Jersey law depends on whether the conclusions contained in the report will be contested at trial. The statute provides a practical device for stipulating the report into evidence as well as a means of culling out the cases that require live testimony from the vast majority of cases in which the defendant does not oppose admission of the certificate. The defense may be focused on other factors or the defendant might not wish to suffer the "piling-on" effect of a live witness when there is really no contest as to the nature of the substance tested.
[11] Similarly, a defendant must file a motion to suppress in order to contest an unconstitutional search.
[12] The court in Miller noted that other states have avoided the constitutional challenge by specifically providing that defendants who wish to object to admissibility of the laboratory report need only request the presence of the person who prepared the report within a given time frame.