# CIRCUIT COURT OF THE CITY OF CHARLOTTESVILLE

Commonwealth of Virginia

v.

Bernard Williams

November 10, 2005

Case No. 04-451

BY JUDGE EDWARD L. HOGSHIRE

In this criminal action, the Defendant objected during trial to the admissibility of the certificate of analysis against him and the Court took the objection under advisement. For the reasons set forth in detail below, the Court overrules the objection.

## Statement of Facts

The Court will rely substantially on the pertinent procedural facts as presented by the Commonwealth in its Memorandum of Law, which the Defendant, as stated in his response, generally accepts. The Court will also take note of the Defendant's one exception to the Commonwealth's factual presentation.

On June 7, 2005, the Defendant, Bernard Nathaniel Williams, Jr., pleaded not guilty to an indictment charging him with possession of cocaine, a Schedule II substance, in violation of Virginia Code § 18.2-250.

During the trial, the Commonwealth sought to introduce a certificate of analysis from the Virginia Department of Forensic Science ("DFS") reporting the results of chemical testing completed by John Przbylski. Mr. Przbylski is a forensic scientist with DFS. The Commonwealth sought to admit the certificate of analysis under the authority of Virginia Code § 19.2-187 *et seq.* which

permits the introduction of such certificates into evidence. The certificate, dated March 9, 2005, is made up of two parts. First, it contains the results of the scientific analysis which show that the off white substance found on the Defendant on October 10, 2004, is cocaine. Second, it contains a statement from Mr. Przbylski confirming that the certificate is an accurate record of his analysis. Va. Code § 19.2-187.1 gives the accused in a trial where a certificate of analysis is admitted into evidence under Va. Code § 19.2-187 the right to summon the person performing the chemical analysis and examine him as an adverse witness. All costs of this proceeding are to be assumed by the Commonwealth.

The Defendant objected to the introduction of the lab certificate into evidence on the grounds that it violated his rights under the Confrontation Clause of the Sixth Amendment to the United States Constitution and Article I, Section 8, of the Virginia Constitution, citing the recent United States Supreme Court decision of *Crawford v. Washington*, 541 U.S. 36 (2004). The Defendant further asserted the right to cross-examine Mr. Przbylski in person at trial. Neither the Commonwealth nor the Defendant had subpoenaed Mr. Przbylski to appear at trial.

## Question Presented

Does admission of a certificate of chemical analysis violate the Sixth Amendment Confrontation Clause where there is statutory authority providing the Defendant with the opportunity to call the forensic scientist to testify and to cross-examine the scientist as an adverse witness?

## Analysis

The Confrontation Clause of the Sixth Amendment of the United States Constitution provides in pertinent part, "[I]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him." U.S. Const., Amend. VI. This is also the language contained in Article I, Section 8, of the Virginia Constitution. In *Crawford v. Washington*, 541 U.S. 36 (2004), the United States Supreme Court held that the Confrontation Clause prevents the admission of witness testimony through hearsay evidence at trial unless the prosecution shows that the hearsay declarant is unavailable and that the accused had a prior opportunity to cross-examine the hearsay declarant. *Crawford*, 541 U.S. at 53-54. The *Crawford* decision applied directly only to evidence held to be testimonial. The Court "left for another day any effort to spell out a comprehensive definition of testimonial" but noted that the core testimonial evidence would be "prior testimony at a

preliminary hearing, before a grand jury, or at a former trial; and to police interrogations." *Id*. at 68. The Court further noted that there have always been exceptions to the general rule requiring exclusion of hearsay evidence. *Id*. at 56. The Court did not address the questions raised by a statutory scheme giving the accused the opportunity to confront the author of the certificate of analysis.

The Defendant argues that the certificate of drug analysis is testimonial evidence because it "states" that the item found in the Defendant's possession was cocaine. The Defendant argues that the evidence should be inadmissible unless the Commonwealth shows that the declarant, in this case the forensic scientist who administered the test, is unavailable and that the Defendant had a prior opportunity to cross-examine him. The Defendant further argues that Virginia's statutory scheme which provides the Defendant with the opportunity to call the forensic scientist if he chooses at no cost to himself is insufficient as a remedy for any potential Confrontation Clause violation. The Commonwealth argues that the law in Virginia shows that a certificate of analysis is not testimonial evidence but that, even if it is, Va. Code § 19.2-187.1 allows for the accused to receive a full and fair opportunity to cross-examine the forensic scientist as an adverse witness and therefore does not violate *Crawford*.

Virginia's appellate courts have not yet addressed the applicability of *Crawford* to certificates of analysis purporting to identify illicit drugs. In the recent decision of *Luginbyhl v. Commonwealth*, the Court of Appeals found that *Crawford* does not apply to the admissibility of a breath test certificate because such a certificate is not hearsay. 46 Va. App. 460, 467 (2005).[1] That decision was based on the fact that a breath test result is not a "statement from a human witness or declarant." *Id*.

That aspect of *Luginbyhl* is not applicable to the facts of this case. A certificate of analysis for a drug test is undisputably hearsay in Virginia. As the Court of Appeals stated in *Myrick v. Commonwealth*, "A written report offered to prove the results of testing or of an analysis would generally be inadmissible hearsay evidence unless the person who conducted the testing or prepared the report testified to authenticate the document and verify its content." 13 Va. App. 333, 337-38 (1991) (citing *Allen v. Commonwealth*, 3 Va. App. 657 (1987)). However, Va. Code § 19.2-187 *et seq*. establishes a "formalized means of effectuating a stipulation to the admissibility of matters which often are not in dispute." *State v. Cunningham*, 903 So. 2d 1110, 1119 (La. 2005) (citing *State*

---

[1] On September 27, 2005, the Court of Appeals granted the petition for rehearing *en banc* of the *Luginbyhl* decision.

*v. Hancock*, 854 P.2d 926, 929 (Or. 1993)). Therefore, the question facing this Court is whether admission of the certificate under this scheme violates *Crawford*.

The majority of courts addressing the issue have found evidence similar to the certificate of analysis (drug certificates, breath certificates, blood tests, autopsy reports, etc.) to be admissible. *See Commonwealth v. Verde*, 827 N.E.2d 701 (Mass. 2005) (drug certificates of analysis are not testimonial and fall within the public records hearsay exception); *People v. Hinojas-Mendoza*, No. 03CA0645, 2005 WL 2561391 (Colo. Ct. App. July 28, 2005) (drug certificates are not testimonial); *State v. Cunningham*, 903 So. 2d 1110 (La. 2005) (drug certificates akin to public or business records); *People v. Durio*, 794 N.Y.S.2d 863 (N.Y. Sup. Ct. 2005) (autopsy reports are business records and not testimonial); *Moreno Denoso v. State*, 156 S.W.3d 166 (Tex App. 2005) (autopsy reports are not testimonial); *State v. Dedman*, 102 P.3d 628 (N.M. 2004) (report of blood alcohol content not testimonial); *People v. Johnson*, 18 Cal. Rptr. 3d. 230, 232 (2004) (drug certificate is "routine documentary evidence").

Several courts have found to the contrary that test results and certificates are inadmissible as testimonial hearsay. *See Napier v. Indiana*, 820 N.E.2d 144 (Ind. Ct. App. 2005); *Shiver v. Florida*, 900 So. 2d 615 (Fla. Dist. Ct. App. 2005) (breathalyzer certificate); *Belvin v. Florida*, No. 4D04-4235, 2005 WL 1336497 (Fla. Dist. Ct. App. 2005) (breathalyzer results) ; *City of Las Vegas v. Walsh*, 91 P.3d 591 (2004) (nurse's affidavit regarding conditions under which she drew defendant's blood is testimonial); *People v. Rogers*, 8 A.D.3d 888 (3rd Dept. 2004) (blood tests). It should be noted that none of these states have statutory schemes to provide the defendant with the opportunity to subpoena and cross-examine the forensic scientist or certificate preparer.

In *Luginbyhl*, the Court of Appeals found that the officer's statements on the breath test certificate were nontestimonial hearsay because they did not "resemble the types of statements identified by the Supreme Court as testimonial" and because the statements did not accuse the defendant of any wrongdoing." 46 Va. App. at 473.

This Court follows the majority of state courts and the direction of the Court of Appeals of Virginia and finds that the certificate of analysis is not testimonial. The *Crawford* Court stated, "The constitutional text, like the history underlying the common-law right of confrontation, thus reflects an especially acute concern with a specific type of out-of-court statement." 541 U.S. at 51. A certificate of analysis is clearly different from the type of "core" testimonial evidence described by *Crawford* ("*ex parte* in-court testimony or its functional equivalent B that is, material such as affidavits, custodial examinations, prior

testimony that the defendant was unable to cross-examine, or similar pretrial statements that declarants would reasonably expect to be used prosecutorily"). *Id.* at 52. The certificate of analysis merely states the results of a laboratory test and includes certification of its accuracy as a record of that test by the employee of the Division of Forensic Science. As one California court has stated, "A laboratory report does not "bear testimony," or function as the equivalent of in-court testimony. *Johnson*, 18 Cal. Rptr. 3d at 232. Certificates of analysis are rather "routine documentary evidence." *Id.* The court in *Verde* stated, "Certificates of analysis are neither discretionary nor based on opinion; rather, they merely state the results of a well recognized scientific test determining the composition and quantity of the substance." 827 N.E.2d at 705. And as the Court of Appeals found in *Luginbyhl*, the certifications by the employee of DFS do not resemble the types of out-of-court testimonial hearsay described by *Crawford*. They do not accuse the defendant of any wrongdoing but rather simply serve to authenticate the routine test results.

The legislature of Virginia, in enacting Va. Code § 19.2-187 *et seq.*, recognized that certificates of analysis present the same qualifications of routine and reliability that support documentary evidence entered under the business records exception. *See Wingfield v. Commonwealth*, No. 3000-95-2, 1997 WL 147455, \*2 (Va. App. Apr. 1, 1997) (unpublished opinion) (citing *United States v. Roulette*, 75 F.3d 418, 421-422 (8th Cir. 1996), *cert. denied* 519 U.S. 853 (1996)). *See also Winston v. Commonwealth*, 16 Va. App. 901, 904 (1993). In *Crawford*, the Court explicitly stated that such evidence was not within its ruling. 541 U.S. at 56. As Chief Justice Rehnquist said in his concurrence in *Crawford*, "[The] court's analysis of "testimony" excludes at least some hearsay exceptions, such as business records and official records. To hold otherwise would require numerous additional witnesses without any apparent gain in the truth-seeking process." *Id.* at 76. Therefore, it seems clear that the certificate of analysis is nontestimonial documentary evidence and its admission into evidence under Va. Code § 19.2-187 does not violate *Crawford*.

Further, the Defendant's right to confront and cross-examine the author of the certificate of analysis is in fact well protected in this case by Va. Code § 19.2-187.1.[2] Throughout its extensive historical and contemporary analysis, the *Crawford* court's primary concern under the Confrontation Clause was the

---

[2] Several other states have similar statutes. Their courts have generally found that these statutes serve to protect the defendant's right to confrontation regardless of their determination of the nature of the hearsay evidence itself. Those states include Colorado (C.R.S.A. § 16-3-309); Oregon (ORS 475.235(4)); New Jersey (N.J.S.A. 2C: 35-19); and Louisiana (LSA-R.S. 15:499-501).

defendant's opportunity to cross-examine the witnesses against him. Under § 19.2-187.1, the Defendant is provided with advance notice of the Commonwealth's intent to use the certificate of analysis at trial and the Defendant has the unquestioned right to demand that the forensic scientist be subpoenaed and cross-examine him as an adverse witness. Because these are statutory exceptions to the hearsay rule, the courts in Virginia have uniformly elected to interpret the statute's requirements strictly against the Commonwealth. *Myrick*, 13 Va. App. at 337 (citing cases strictly interpreting the statute). This scheme does not shift the burden to the Defendant. Rather, as the Louisiana Supreme Court stated in construing their version of the statute, "The "requirement that the defendant request the preparer of the certificate to testify is [not] tantamount to requiring the defendant to put on the proof. [The] requirement is not an onerous burden that deprives the defendant of any constitutional rights." *Cunningham*, 903 So. 2d at 1118 (quoting *State v. Matthews*, 632 So. 2d 294 (La. App. 1993). The presence of Va. Code § 19.2-187.1 insures that the Defendant has the opportunity to cross-examine forensic scientist who prepared the analysis and as such, any remaining *Crawford* concerns are vitiated.

## Conclusion

This Court finds that admission of the certificate of analysis into evidence under Va. Code § 19.2-187 *et seq*. does not violate the Confrontation Clause of the United States Constitution or the Virginia Constitution. The Defendant's objection is overruled.