NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

07-349

STATE OF LOUISIANA

VERSUS

CHARLES GREGORY ANDRUS, AKA ROBERT CHARLES ANDRUS, AKA
CHARLES GEORGE ANDRUS, AKA CHARLES SAM ANDRUS

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. CR107428
HONORABLE MARILYN CARR CASTLE, DISTRICT JUDGE

**********

ULYSSES GENE THIBODEAUX
CHIEF JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Marc T. Amy, and
Michael G. Sullivan, Judges.

AFFIRMED.

James Edward Beal
Louisiana Appellate Project
P. O. Box 307
Jonesboro, LA 71251-0307
Telephone: (318) 259-2391
COUNSEL FOR:
    Defendant/Appellant - Charles Gregory Andrus, a/k/a Robert
    Charles Andrus, a/k/a Charles George Andrus, a/k/a Charles Sam
    Andrus

**Michael Harson**
**District Attorney - Fifteenth Judicial District Court**
**Keith A. Stutes, Assistant District Attorney**
**P. O. Box 3306**
**Lafayette, LA 70502**
**Telephone: (337) 232-5170**
**COUNSEL FOR:**
      **Plaintiff/Appellee - State of Louisiana**

**THIBODEAUX, Chief Judge.**

After a jury trial, the Defendant, Charles Gregory Andrus (Andrus), was convicted of five counts of aggravated rape. On May 4, 2006, Andrus received five consecutive life sentences at hard labor. Andrus appeals, claiming he was denied the right to confront and cross examine his accusers. For the following reasons, we affirm.

## FACTS

Andrus raped five women over a period of about ten years between 1987 and 1996. Rape kits were performed on all the victims, revealing the presence of semen in each. Fingerprints were lifted from two of the rape scenes but produced no match at the time, leaving these crimes unsolved.

The cases were reopened about ten years later, and the Acadiana Criminalistics Laboratory, which uses various laboratories located within and without the State of Louisiana, linked the five rapes to the same male. The Automated Fingerprint Identification System matched the fingerprints lifted from the two crime scenes with Andrus's fingerprints. Andrus was then arrested and his fingerprints and biological samples were taken. Andrus's DNA matched exactly with the DNA obtained from the semen samples in the five rape cases. The fingerprint analysis also produced an exact match.

## ASSIGNMENT OF ERROR

In his sole assignment of error, the Defendant argues that La.R.S. 15:499[1] does not permit the introduction of evidence generated in private laboratories

---

[1]Louisiana Revised Statutes 15:499 states in pertinent part:

**§ 499.  Certificates of analysis**

A.  All criminalistics laboratories established by laws of this state or by laws

outside the State of Louisiana because to do so would deny him the right of confrontation guaranteed by the United States and Louisiana Constitutions. As noted above, the Acadiana Criminalistics Laboratory used labs located in other states to perform the DNA testing.

Defense counsel did not object to the Acadiana Crime Laboratory reports when they were offered and introduced into evidence at trial. Louisiana Code of Criminal Procedure Article 841 provides, in pertinent part, "[a]n irregularity or error cannot be availed of after verdict unless it was objected to at the time of occurrence."

Both parties refer this court to *State v. Cunningham*, 04-2200 (La. 6/13/05), 903 So.2d 1110, where the supreme court considered the constitutionality of La.R.S. 15:499-501. There, the supreme court held that a certificate of analysis of laboratory results was admissible as prima facie proof of the substance tested, provided that the statutory procedural requirements were satisfied.

Contrary to Andrus's claims, the question here is not whether Andrus was denied a right to confront his accusers because the lab used to analyze DNA was located outside of Louisiana. This issue cannot be reached because Andrus did not object to the admission of the lab reports at trial. Andrus is not claiming that La.R.S. 15:499 is unconstitutional. Thus, *Cunningham,* 903 So.2d 1110, is inapposite. It appears that he claims that the reports in question were admitted in violation of La.R.S. 15:499. Andrus, however, did not object to the reports' admission at trial. He, therefore, waived that objection. La.Code Crim.P. art. 841; *State v. Howard*, 04-

of the United States, and all coroners, forensic pathologists, and other persons, partnerships, corporations, and other legal entities practicing in fields of knowledge and expertise in the gathering, examination, and analysis of evidence by scientific means are authorized to make proof of examination and analysis of physical evidence by the certificate of the person in charge of the facility in which such examination and analysis is made.

499 (La.App. 3 Cir. 11/17/04), 888 So.2d 375, *writ denied*, 04-3216 (La. 4/8/05), 899 So.2d 13. Moreover, Andrus's right to confront was not infringed upon because the witness representing Acadiana Criminalistics Laboratory testified at trial and was cross examined. Accordingly, this alleged error is without merit.

## ERRORS PATENT

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After reviewing the record, there are no errors patent.

## CONCLUSION

The Defendant's convictions are affirmed.

**AFFIRMED.**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION. Rule 2-16.3, Uniform Rules—Courts of Appeal.