CARTER, C.J.
|2The defendant, Russell J. Beauchamp, Jr., was charged by bill of information with one count of distribution of cocaine, a violation of La. R.S. 40:967 A(l), and entered a plea of not guilty. Following a jury trial, he was found guilty as charged by unanimous verdict. He moved for a new trial, for a post-verdict judgment of acquittal, and for arrest of judgment, but the motions were denied. He was sentenced to thirty years at hard labor, with the first two years of the sentence without benefit of probation, parole, or suspension of sentence. On appeal, the defendant contends the admission of the scientific analysis report into evidence violated his rights under the Confrontation Clause of the United States Constitution. For the following reasons, we affirm the conviction and sentence.

FACTS

On June 14, 2007, Tri-parish[1] Narcotics Task Force Agents Bryan Mannino and *7 Garrett Fitzgerald were driving on Summer Street in Denham Springs in an undercover vehicle equipped with a video camera. Agent Mannino saw the defendant riding a bicycle and held up four fingers, signaling he wanted to buy forty dollars worth of crack cocaine. The defendant asked, ‘You want a 40?” Agent Man-nino answered affirmatively, and the defendant told him to pull over at a nearby bar. The defendant left Agent Mannino’s field of vision, returning shortly thereafter and placing the crack cocaine on the hood of the undercover vehicle. Agent Mannino put forty dollars on the ground, as instructed to by the defendant, and secured the cocaine. The State played a recording of the drug transaction at trial.
| „MELENDEZ-DIAZ VIOLATION
In his sole assignment of error, the defendant argues the State failed to prove all of the elements of the offense, alleging the use of a scientific analysis report to establish that the substance distributed was cocaine violated Melendez-Diaz v. Massachusetts, - U.S. -, 129 S.Ct. 2527, 174 L.Ed.2d 814 (2009).
In all criminal prosecutions, the accused shall enjoy the right to be confronted with the witnesses against him. U.S. Const, amend. VI. The Confrontation Clause bars “admission of testimonial statements of a witness who did not appear at trial unless he was unavailable to testify, and the defendant had had a prior opportunity for cross-examination.” Crawford v. Washington, 541 U.S. 36, 53-54, 124 S.Ct. 1354, 1365, 158 L.Ed.2d 177 (2004). Statements are non-testimonial when made in the course of a police interrogation under circumstances objectively indicating that the primary purpose of the interrogation is to enable police assistance to meet an ongoing emergency. Davis v. Washington, 547 U.S. 813, 822, 126 S.Ct. 2266, 2273, 165 L.Ed.2d 224 (2006). Statements are testimonial when the circumstances objectively indicate there is no ongoing emergency, and the primary purpose of the interrogation is to establish or prove past events potentially relevant to later criminal prosecution, Davis, 547 U.S. at 822, 126 S.Ct. at 2273-2274.
Melendez-Diaz involved the review of convictions for distribution of cocaine and trafficking in cocaine. Melendez-Diaz, — U.S. at -, 129 S.Ct. at 2530-2531. At trial, over a defense objection under Crawford, the prosecution relied upon “certificates of analysis” to establish that the |4substance hidden in the police car used to transport the defendant and two other men contained cocaine. Melendez-Diaz, — U.S. at -, 129 S.Ct. at 2531. As required under Massachusetts’s law, the certificates were sworn to before a notary public by analysts at the State Laboratory Institute of the Massachusetts Department of Public Health. Melendez-Diaz, — U.S. at -, 129 S.Ct. at 2531.
The Court in Melendez-Diaz held that the certificates were “quite plainly affidavits,” falling within the core class of testimonial statements subject to the Confrontation Clause and that the analysts were “witnesses” for purposes of the Sixth Amendment. Melendez-Diaz, — U.S. at -, 129 S.Ct. at 2532. Additionally, the Court held that the power to subpoena the analysts could not substitute for the right of confrontation because compulsory process was of no use to a defendant if the witness was unavailable or simply refused to appear. Melendez-Diaz, — U.S. at -, 129 S.Ct. at 2540. The Court held that converting the prosecution’s duty under the Confrontation Clause into the defendant’s privilege under state law or the *8 Compulsory Process Clause would shift the consequences of adverse-witness no-shows from the State to the accused. Melendez-Diaz, — U.S. at -, 129 S.Ct. at 2540. The value of the Confrontation Clause to a defendant cannot be replaced by a system in which the prosecution presents its evidence via ex parte affidavits and waits for the defendant to subpoena the affiants if he chooses to do so. Melendez-Diaz, — U.S. at -, 129 S.Ct. at 2540.
The Court in Melendez-Diaz, however, contrasted the statutory scheme in Massachusetts with other states’ “notice-and-demand statutes,” Iswhich require the prosecution to provide notice to the defendant of its intent to use an analyst’s report as evidence at trial and give a defendant a period of time in which to object to the admission of the evidence absent the analyst’s appearance live at trial. Melendez-Diaz, — U.S. at -, 129 S.Ct. at 2541. The Court held that notice-and-demand statutes do not shift the burden because “[t]he defendant always has the burden of raising his Confrontation Clause objection; notice-and-demand statutes simply govern the time within which he must do so.” Melendez-Diaz, — U.S. at -, 129 S.Ct. at 2541. The Court noted that it is common to require a defendant to exercise his rights under the Compulsory Process Clause in advance of trial, announcing the intent to present certain witnesses. Melendez-Diaz, — U.S. at -, 129 S.Ct. at 2541. “There is no conceivable reason why [a defendant] cannot similarly be compelled to exercise his Confrontation Clause rights before trial.” Melendez-Diaz, — U.S. at -, 129 S.Ct. at 2541.
Louisiana Revised Statutes 15:499 A authorizes all criminalistics laboratories established by the laws of Louisiana or of the United States and all coroners, forensic pathologists, and other persons, partnerships, corporations, and other legal entities practicing in fields of knowledge and expertise in the gathering, examination, and analysis of evidence by scientific means to make proof of examination and analysis of physical evidence by the certificate of the person in charge of the facility in which such examination and analysis are made.[2] -
1 ^Louisiana Revised Statutes 15:500 in pertinent part provides:
In all criminal cases ... the courts of this state shall receive as evidence any certificate made in accordance with R.S. 15:499 subject to the conditions contained in this Section and R.S. 15:501. The certificate shall be received in evidence as prima facie proof of the facts shown thereon, and as prima facie proof of proper custody of the physical evidence listed thereon from time of delivery of said evidence to the facility until its removal therefrom.
Louisiana Revised Statutes 15:501 provides:
A. The party seeking to introduce a certificate made in accordance with R.S. 15:499 shall, not less than ten days prior to the commencement of the trial, give written notice of intent to offer proof by certificate. Such notice shall include a copy of the certificate.
B. (1) The party against whom such certificate is offered shall be permitted to subpoena on cross-examination, the person who performed the examination or analysis of the evidence. If the subpoena is requested at least five days prior to the commencement of trial or the person subpoenaed responds to the subpoena, the certificate shall not be *9 prima facie proof of its contents or of proper custody.
(2) When the attorney for the defendant, or the defendant acting in his own defense, requests that a subpoena issue to the person who performed the examination or analysis, the request shall be in writing and shall contain a certification that the attorney or the defendant intends in good faith to conduct the cross-examination.
In State v. Cunningham, 2004-2200 (La.6/13/05), 903 So.2d 1110, 1122, theJLou-isiana Supreme Court held that the statutory scheme set forth in La. R.S. 15:499-501 is not unconstitutional under Crawford,[3] The court noted that if a defendant requests a subpoena at least five days prior to trial for the person who performed the analysis of the evidence, or if the person responds to the subpoena, the certificate is not prima facie proof of its contents, has no evidentiary value, and the State has to call the relevant 17witnesses to prove its case. Cunningham, 903 So.2d at 1121. The court found, “[f]rom a practical standpoint, these statutes are no different from a situation in which the State offers hearsay evidence at trial. If defendant does not contemporaneously object, the hearsay is allowed into evidence.”[4] Cunningham, 903 So.2d at 1121.
In the instant case, approximately four months prior to trial, the State filed a notice of intent to introduce a scientific analysis report at trial, attaching a copy of the report to the notice. The report was made in accordance with La. R.S. 15:499 and indicated that the evidence was determined to contain cocaine.
At trial, the State offered the certificate of analysis into evidence, and the defense objected because the certificate did not contain the date the analysis was conducted, only the date of completion, and because of the “lack of confrontation.” The State responded that the certificate listed the date of examination. In regard to the objection regarding the lack of confrontation, the State responded that it filed a notice of intent to introduce the certificate, the criminal code has a procedure to allow the party against whom the certificate is offered to cross-examine the analyst, and the defense failed to- follow that procedure. The certificate was admitted into evidence.
Following conviction, but prior to sentencing, the defense moved for a new trial, a post-verdict judgment of acquittal, and for arrest of judgment, arguing that admission of the certificate of analysis at trial violated Melendez-Diaz. At the hearing on the motions, the State argued that the defendant could have exercised his confrontation rights when given notice |sthat the State was going to introduce the certificate of analysis at trial. The trial court denied the defendant’s post-trial motions.
Admission of the scientific analysis report into evidence at trial did not violate Melendez-Diaz, and thus, the State presented sufficient evidence that the substance the defendant distributed was cocaine. Louisiana Revised Statutes 15:501 is precisely the kind of “notice-and-demand” statute that the court in Melendez-Diaz recognized to be permissible under the Confrontation Clause. The Louisiana statutory scheme, La. R.S. 15:499 et seq., merely requires a defendant to exercise his Confrontation Clause rights prior to *10 trial. If the defendant had made a timely request for the issuance of a subpoena for the person who performed the analysis, the certificate would not have been admissible into evidence in lieu of such testimony. It would have been incumbent upon the State to procure the attendance of the person making the certificate at trial and to offer that testimony to establish the results of the examination. See State v. Landry, 583 So.2d 911, 912-914 (La.App. 1st Cir.1991).
This assignment of error is without merit.
CONVICTION AND SENTENCE AFFIRMED.

. The Tri-parish area includes the Livingston Parish Sheriffs Office, the Tangipahoa Parish *7 Sheriff’s Office, and the St. Helena Parish Sheriff’s Office.

. Louisiana Revised Statutes 15:499 and 15:501 were amended by 2010 La. Acts 693 (eff.08/15/2010). All references herein are to the versions of the statutes prior to Act 693.

. The Louisiana Supreme Court was examining the statutes prior to their amendment by 2010 La. Acts 693 (eff.08/15/2010).

. The court in Cunningham also noted a defendant must file a motion to suppress in order to contest an unconstitutional search. Cunningham, 903 So.2d at 1121 n. 11.