PER CURIAM.
 

 hOn October 27, 2009, New Orleans police officers arrested the defendant/respondent after observing him discard what a crime laboratory later determined were 14 individually wrapped rocks of cocaine. The state subsequently charged respondent by bill of information with possession of cocaine with intent to distribute in violation of La.R.S. 40:967(A)(2). On February 24, 2010, the state filed notice, pursuant to La.R.S. 15:501(A), of its intent to introduce the crime lab’s certificate of analysis at respondent’s forthcoming trial set for May 18, 2010, as prima facie evidence that the individually wrapped objects he discarded contained cocaine, a procedure authorized by La.R.S. 15:500. On the morning of May 18, 2010, just before jury selection was about to begin, respondent filed a written opposition to the state’s notice. A transcript of the proceedings indicates that the trial court was at first inclined to accommodate the defense objection by summoning the criminalist to testify. However, when the state indicated that the ■witness worked for a crime lab located in St. Tammany Parish and was thus not immediately available, the court denied the
 
 *744
 
 defense objection as untimely. A jury thereafter found respondent guilty as charged in a brief, one-day trial. The trial |2court sentenced him to 12 years imprisonment at hard labor to run concurrently with any other sentence he was then serving.
 

 On appeal, after first considering and rejecting respondent’s assignment of error asserting that the state’s evidence, including the crime lab report, was not sufficient to support the jury’s verdict, the court of appeal addressed respondent’s argument that introduction of the crime lab report, as opposed to presenting live testimony from the analyst who conducted the testing, violated his Sixth Amendment right to confront the witnesses against him. The Fourth Circuit agreed, pretermitted respondent’s remaining assignment of error, reversed his conviction and sentence, and remanded the case for further proceedings.
 
 State v. Simmons,
 
 10-1508 (La.App. 4th Cir.5/18/11), 67 So.3d 525. In doing so, the court of appeal acknowledged that this Court,
 
 State v. Cunningham,
 
 04-2200 (La.6/13/05), 903 So.2d 1110, the First Circuit,
 
 State v. Beauchamp,
 
 10-0451 (La. App. 1st Cir.9/10/10), 49 So.3d 5, and the Second Circuit,
 
 State v. Dukes,
 
 46,029 (La. App. 2nd Cir.1/26/11), 57 So.3d 489, had reached the opposite view of whether the statutory procedure set forth in La.R.S. 15:500-501 raised substantial confrontation issues. The Fourth Circuit declined to follow the reasoning in
 
 Beauchamp
 
 and
 
 Dukes,
 
 and further declined to follow this Court’s holding in
 
 Cunningham
 
 because our decision came well before the Supreme Court rendered the opinion in
 
 Melendez-Diaz v. Massachusetts,
 
 557 U.S. 305, 129 S.Ct. 2527, 174 L.Ed.2d 314 (2009), which, in the court of appeal’s view, invalidated this state’s procedure as it existed at the time of respondent’s trial.
 
 Simmons,
 
 10-1508 at 14-16, 67 So.3d at 533-35.
 

 The state seeks review of the Fourth Circuit’s decision in this Court. For the reasons that follow, we grant the state’s application and reverse.
 

 In common with many states, Louisiana law provides that, subject to the restrictions contained in La.R.S. 15:501, certificates of analysis issued by any Iscriminalistics laboratory in the state “shall be received in evidence as prima facie proof of the facts shown thereon.... ” La.R.S. 15:500. At the time of trial, La. R.S. 15:501(A) required a party to give notice at least 10 days in advance of trial if it intended to rely on a certificate of analysis by a criminalistics laboratory, as authorized by La.R.S. 15:499. The statute further provided that the opposing party had the right “to subpoena on cross-examination, the person who performed the examination or analysis of the evidence,” and that “[i]f the subpoena is requested at least five days prior to the commencement of trial or the person subpoenaed responds to the subpoena, the certificate shall not be prima facie proof of its contents or of proper custody.” La.R.S. 15:501(B)(1). In 2010, shortly after trial in the present case, the legislature’s amendment of R.S. 15:501 went into effect to enlarge the period in which the party seeking to use the certificate of analysis must give notice (now 45 days), and to redraft the provisions of La. R.S. 15:501(B), which now requires, in lieu of a subpoena, a written “demand that the person making the examination or analysis testify,” filed in court and served on the district attorney. If the demand is made within 30 days of the receipt of the state’s notice of intent, “the certificate shall not constitute prima facie proof of the facts thereon as set forth in R.S. 15:500.” 2010 La. Acts 693.
 
 [1]
 

 
 *745
 
 The lynchpin of respondent’s motion to exclude the crime lab certifícate as evidence at trial was the Supreme Court’s decision in
 
 Melendez-Diaz v. Massachusetts.
 
 In what the majority termed a “rather straightforward application” of the Court’s prior decision in
 
 Crawford v.
 
 Washington, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004),
 
 Melendez-Diaz
 
 held that a state may not, over a defendant’s objections under the Confrontation Clause of the Sixth Amendment, introduce as substantive evidence a criminalist’s cer-tifícate attesting to the fact the |4substances tested in the laboratory revealed the presence of contraband drugs
 
 {e.g.,
 
 cocaine), unless the criminalist is unavailable to testify and the defendant had a prior opportunity to cross-examine him.
 
 Melendez-Diaz,
 
 557 U.S. at-, 129 S.Ct. at 2532.
 
 Melendez-Diaz
 
 announced the holding in the context of a Massachusetts statute which permitted introduction of the crime lab certificates as “ ‘prima facie evidence of the composition, quality, and the net weight of the narcotic analyzed,’ ”
 
 id.,
 
 557 U.S. at-, 129 S.Ct. at 2531 (quoting Mass. Gen. Laws, ch. 111, § 13), and the majority flatly rejected the state’s suggestion that because the defendant had remained free to subpoena the criminalist of his own accord but chose not to do so, no Confrontation Clause violation occurred:
 

 Respondent asserts that we should find no Confrontation Clause violation in this case because petitioner had the ability to subpoena the analysts. But that power — whether pursuant to state law or the Compulsory Process Clause — is no substitute for the right of confrontation. Unlike the Confrontation Clause, those provisions are of no use to the defendant when the witness is unavailable or simply refuses to appear. Converting the prosecution’s duty under the Confrontation Clause into the defendant’s privilege under state law or the Compulsory Process Clause shifts the consequences of adverse-witness no-shows from the State to the accused. More fundamentally, the Confrontation Clause imposes a burden on the prosecution to present its witnesses, not on the defendant to bring those adverse witnesses into court. Its value to the defendant is not replaced by a system in which the prosecution presents its evidence via
 
 ex parte
 
 affidavits and waits for the defendant to subpoena the affiants if he chooses.
 

 Melendez-Diaz,
 
 557 U.S. at-, 129 S.Ct. at 2540 (citation omitted).
 

 In the present case, the Fourth Circuit concluded that Louisiana’s statutory framework as it existed at the time of trial failed under the rationale of
 
 Melendez-Diaz,
 
 because it shifted the burden to call the witness to the defendant:
 

 We are constrained to follow the
 
 Melendez-Diaz
 
 rationale rather than the Louisiana Supreme Court’s decision in
 
 Cunningham
 
 because the United States Supreme Court has now specifically held that the statutory procedure for introduction of the criminalist’s report over the objection of the defendant in lieu of the criminalist’s live testimony violates the Confrontation Clause of the United States Constitution. Further, in light of
 
 Melendezfpiaz,ñ
 
 and unlike our colleagues in the First and Second Circuits, we find that the statutory scheme in effect at the time of Simmons’ trial violated Simmons’ rights under
 
 Melendez-Diaz.
 
 That is, our reading of
 
 Melendez-Diaz
 
 is that the Confrontation Clause does
 
 not
 
 allow the burden to be shifted to the defendant to call as a
 
 *746
 
 witness the criminalist, a witness obviously against him in view of the analysis report of the alleged illegal substance. The burden always remained with the state to call the criminalist as a live-witness. Thus, we find that the admission of the certificate of analysis into evidence at trial did violate Simmons’ rights under the Confrontation Clause.
 

 Simmons,
 
 10-1508 at 15-16, 67 So.3d at 534-35 (footnote omitted).
 

 The court of appeal further suggested that “one could reasonably argue that the legislature’s enactment 2010 La. Acts 683 that amended La. R.S. 15:501 was done to cure perceived or potential problems created by
 
 Melendez-Diaz
 
 to the former law.”
 
 Simmons,
 
 10-1508 at 16, n. 5, 67 So.3d at 535.
 

 However, the court of appeal drew the wrong inference from the 2010 amendment. The majority in
 
 Melendez-Diaz
 
 sharply distinguish the Massachusetts procedure at issue from so-called notiee-and-demand statutes prevalent in other jurisdictions which do not, at least as a general matter, pose Sixth Amendment confrontation problems because they do not shift the burden of producing the analyst to the defense:
 

 In their simplest form, notice-and-demand statutes require the prosecution to provide notice to the defendant of its intent to use an analyst’s report as evidence at trial, after which the defendant is given a period of time in which he may object to the admission of the evidence absent the analyst’s appearance live at trial. Contrary to the dissent’s perception, these statutes shift no burden whatever. The defendant
 
 always
 
 has the burden of raising his Confrontation Clause objection; notice-and-demand statutes simply govern the
 
 time
 
 within which he must do so. States are free to adopt procedural rules governing objections. It is common to require a defendant to exercise his rights under the Compulsory Process Clause in advance of trial, announcing his intent to present certain witnesses. There is no conceivable reason why he cannot similarly be compelled to exercise his Confrontation Clause rights before trial.
 
 Today’s decision tvill not disrupt criminal prosecutions in the many large States whose practice is already in accord with the Confrontation Clause.
 

 Melendez-Diaz,
 
 557 U.S. at -, 129 S.Ct. at 2541 (footnote and citations omitted; some emphasis added).
 

 The majority’s last observation in
 
 Melendez-Diaz
 
 applies to Louisiana as well as to other jurisdictions. In
 
 Cunningham,
 
 this Court addressed a Sixth Amendment challenge to Louisiana’s statutory procedure under
 
 Crawford v. Washington,
 
 progenitor of the decision in
 
 Melendez-Diaz,
 
 and upheld it by construing La.R.S. 15:501 as a notice-and-demand statute in light of what “the State conceded at oral argument, [that] once the defendant requests the subpoena, the certificate of analysis has no evidentiary value and the State must call the relevant witnesses to prove its case.”
 
 Cunningham,
 
 04-2200 at 17, 903 So.2d at 1121. We observed:
 

 [T]he statutes at issue provide a party with notice that a certificate of analysis will be offered into evidence absent an objection. These statutes are a formalized means of effectuating a stipulation to the admissibility of matters which often are not in dispute. After the State has put the defendant on notice, the statute provides the defendant with a small procedural step which must be taken to exercise the right to confrontation. In essence, it is the defendant’s decision which dictates whether the State must produce the individual who
 
 *747
 
 prepared the report or whether the defendant will agree to use of the criminalist’s report.
 

 Cunningham, 04-2200 at 14, 903 So.2d at 1119 (citations omitted).
 
 [2]
 

 The Fourth Circuit therefore erred by dismissing
 
 Cunningham
 
 simply as a pre-
 
 Melendez-Diaz
 
 decision and by suggesting that the 2010 amendment of |7La.R.S. 15:501 represented a wholesale revision of the procedure originally contemplated, as opposed to a clarification and refinement of prior law. The First and Second Circuits reached the correct conclusion that our decision in
 
 Cunningham
 
 is consistent with, and not superseded by,
 
 Melendez-Diaz. Beauchamp,
 
 10-0451 at 8, 49 So.3d at 9-10 (“Louisiana Revised Statutes 15:501 is precisely the kind of ‘notice-and-demand’ statute that the court in
 
 Melendez-Diaz
 
 recognized to be permissible under the Confrontation Clause.... If the defendant had made a timely request for the issuance of a subpoena for the person who performed the analysis, the certificate would not have been admissible into evidence in lieu of such testimony [and] [i]t would have been incumbent upon the State to procure the attendance of the person making the certificate at trial and to offer that testimony to establish the results of the examination.”);
 
 Dukes,
 
 46,029 at 13, 57 So.3d at 496 (“In Louisiana [and unlike Massachusetts law], the mere request for a subpoena by the defendant five days prior to trial rendered the certificate useless to the state as prima facie proof of its contents or of proper custody. Accordingly, an unavailable or uncooperative analyst becomes the state’s problem in meeting its burden of proof and not the defendant’s in exercising his right to confrontation.”).
 

 In the present case, respondent waived his Sixth Amendment right of confrontation by failing to timely request a subpoena for the analyst who performed the test on the rocks of cocaine. As
 
 Melendez-Diaz
 
 observed, states remain free to impose reasonable restrictions on a defendant’s assertion of his confrontation rights and the trial court therefore did not abuse its discretion in failing to issue an instanter subpoena for the out-of-parish criminalist at the risk of delaying a one-day trial after respondent failed to timely request that a subpoena issue for the witness. Given the circumstances, the trial court properly admitted the analyst’s certificate in lieu of the analyst’s live testimony. The decision of the |sFourth Circuit is therefore reversed and this case is remanded to the court of appeal for consideration of respondent’s remaining assignment of error pretermitted on original appeal.
 

 
 *748
 
 DECISION OF THE COURT OF APPEAL REVERSED; CASE REMANDED
 

 [1]
 

 . The 2010 act also eliminated former La.R.S. 15:501(B)(2), which required defense counsel
 
 *745
 
 or the defendant making the request for a subpoena to certify that "the attorney or the defendant intends in good faith to conduct the cross-examination.
 

 [2]
 

 . We further noted in
 
 Cunningham
 
 that the requirement of former La.R.S. 15:501 (B)(2), that the defendant or defense counsel certify he intended in good faith to conduct cross-examination of the analyst, a burden imposed only upon the defendant, had the potential of impairing the accused’s confrontation rights and therefore had to be “construed so as not to be an unconstitutional violation of the confrontation clause.”
 
 Cunningham,
 
 04-2200 at 18, 903 So.2d at 1122. We rendered the burden "featherweight” by holding that a defendant could satisfy the good faith requirement "by merely indicating a preference for live testimony by requesting a subpoena issue for the preparer of the certificate of analysis.”
 
 Id.
 
 We thereby construed Louisiana's provisions as the simplest form of a notice-and-demand statute.
 
 See Melendez-Diaz,
 
 557 U.S. at -, n. 12, 129 S.Ct. at 2541 (Although some state statutes require a showing of good cause or an affirmance under oath of an intent to cross-examine the analyst, ”[w]e have no occasion today to pass on the constitutionality of every variety of statute commonly given the notice-and-demand label. It suffices to say that what we have referred to as the 'simplest form [of] notice-and-demand statutes,’ is constitutional[.]”) (citation omitted).