STEWART, J.
1, FACTS AND PROCEDURAL HISTORY
This matter previously came before this court in State v. Dukes, 46,029 (La.App.2d Cir.1/26/11), 57 So.3d 489. On January 21, 2009, the defendant was arrested after selling cocaine to, and buying ecstasy from, an undercover narcotics agent. As stated above, the defendant was convicted of possession of ecstasy and distribution of cocaine. He was adjudicated a fourth-felony offender and sentenced to life imprisonment without benefits.[1] He appealed, and although his convictions and cocaine sentence were affirmed, this court remanded the matter after determining that the trial court did not impose a sentence for the possession of ecstasy conviction. While the case was on remand for resentencing, the state filed a fifth-felony habitual offender bill of information. The bill, filed on July 9, 2012, charged Dukes with having the following prior convictions:
(1) On December 6, 1994, the defendant pled guilty to one count of possession of a Schedule II CDS.
(2) On November 14, 1997, the defendant pled guilty to one count of possession of marijuana, a Schedule I CDS.
(3) On November 14, 1997, the defendant pled guilty to distribution of a Schedule II CDS.
(4) On April 24, 2006, the defendant pled guilty to one count possession with intent to distribute a Schedule II CDS.
(5) On November 17, 2009, the defendant pled guilty to the instant conviction for one count of possession of a Schedule I CDS.[2]
*1258 IgOn July 19, 2012, the defendant filed a motion to quash the habitual offender bill of information, asserting that the bill was untimely because it was filed more than two years after his conviction. He further asserted that since the state filed a multiple offender bill at least two years earlier, it had sufficient knowledge of his prior felonies.
The trial court conducted a hearing on the motion to quash and determined that since the defendant had previously been billed and sentenced as a fourth-felony offender with regard to his distribution of cocaine conviction, it was a mere technical error that he had not been multiple billed on the instant charge. The trial court expressed that the defendant had notice of the state’s intent to file a multiple offender bill of information, and since he was sentenced to life imprisonment on the cocaine conviction, he suffered no prejudice as a result of the current multiple offender bill. As such, the trial court denied his motion.
The state then proceeded with its habitual offender adjudication proceeding, after which the defendant was adjudicated a fourth-felony habitual offender. He waived all sentencing delays, and was sentenced to a second life sentence to be served concurrently with his other life imprisonment sentence.
|3On August 13, 2012, the defense filed a motion to reconsider sentence, asserting that his sentence was excessive and that the evidence was insufficient to adjudicate him a fourth-felony offender. The trial court denied his motion on August 15, 2012, without need for a contradictory hearing.
The defendant now appeals. For the following reasons, we affirm the defendant’s second life imprisonment sentence as a habitual offender.
LAW AND DISCUSSION
In the defendant’s sole assignment of error, he alleges that the fifth-felony habitual bill of information was untimely. He acknowledges the trial court’s statement that it failed to impose a sentence regarding the ecstasy charge because the State failed to include it in the fourth-felony habitual bill of information. The trial court characterized this failure as a “technical error.” The defendant expresses that he is “being punished” for oversights by the trial court, as well as the state.
To the contrary, the state argues that the defendant was aware of its intention as evidenced by its prior filing of the multiple offender bill. The state gave notice of its intent to multi-bill the defendant on all counts. The state further argues that because the defendant had not been sentenced on the possession of ecstasy charge, there is no unreasonable delay in filing the multiple offender bill. Lastly, the state maintains that the defendant has not been prejudiced by the filing of the second habitual offender bill.
Sentence shall be imposed without unreasonable delay. If a defendant claims that the sentence has been unrea *1259 sonably delayed, he may Rinvoke the supervisory jurisdiction of the appellate court. La. C. Cr. P. art. 874. La. R.S. 15:529.1 provides for enhancement of penalty for habitual offenders. More specifically, La. R.S. 15:529.1(D)(l)(a) provides in pertinent part:
D. (l)(a) If, at any time, either after conviction or sentence, it shall appear that a person convicted of a felony has been previously convicted of a felony under the laws of this state, or has been convicted under the laws of any other state, or of the United States, or of any foreign government or country, of a crime, which, if committed in this state would be a felony, the district attorney of the parish in which subsequent conviction was had may file an information accusing the person of a previous conviction. Whereupon the court in which the subsequent conviction was had shall cause the person, whether confined in prison or otherwise, to be brought before it and shall inform him of the allegation contained in the information and of his right to be tried as to the truth thereof according to law and shall require the offender say whether the allegations are true. (Emphasis provided.)
A review of the statute reveals the absence of a prescriptive period for completion of the habitual offender proceeding. State v. Muhammad, 03-2991 (La.5/25/04), 875 So.2d 45. Although the statute sets no prescriptive time within which the bill must be filed, the supreme court has made a determination that the district attorney must file the habitual offender bill within a reasonable time after learning that the defendant had prior felony convictions. Id.; State v. Toney, 02-0992 (La.4/9/03), 842 So.2d 1083. The rationale is necessitated by the defendant’s constitutional right to a speedy trial. Muhammad, supra. A reasonable time is determined on a case-by-case basis. Id.
As a general matter, the Supreme Court has set forth four factors for the court to consider in determining whether a defendant’s right to a speedy |r,trial has been violated. Those factors are the length of the delay, the reasons for the delay, the accused’s assertion of his right to speedy trial, and the prejudice to the accused resulting from the delay. Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972); Muhammad, supra. While these factors are neither definite nor dispositive in the context of the habitual offender proceeding, they are instructive. Muhammad, supra.
In Muhammad, supra, the supreme court addressed the issue of whether the defendant’s adjudication as a multiple offender was timely. In that case, the defendant was convicted of 17 counts of access device fraud. On the day of sentencing, the state filed a habitual offender bill charging the defendant as a multiple felony offender. The defendant appealed, and the court of appeal subsequently vacated the multiple offender adjudication and sentence and remanded the case for further proceedings. At the time of the habitual offender hearing, the defendant had already served 23 months of a three year-sentence and was on parole. The defendant appealed, and the court of appeal determined that the trial court was precluded from imposing a multiple offender sentence after the defendant had completed the underlying sentence. The supreme court determined that “there is no reason for this court to jurispruden-tially provide a bright line deadline by which the habitual offender proceeding must be completed,” reversed the court of appeal’s decision, and reinstated the defendant’s adjudication as a fourth-felony offender.
*1260 When the instant case was remanded to the trial court, the judge commented that “everybody dropped the ball,” and that this case “just |f,slipped through the cracks.” Even though the trial court accidentally failed to sentence the defendant on the ecstasy charge, pursuant to La. R.S. 15:529.1, a habitual offender bill may be filed against a defendant who has been convicted of a felony at any time, either after conviction or sentence. In the instant case, the defendant was convicted of possession of ecstasy and distribution of cocaine. However, he was never sentenced on the possession of ecstasy conviction. Relying on this statute, the state was permitted to wait until he was sentenced for the possession of ecstasy conviction before filling the habitual offender bill. Further, the defendant received notice that he would be billed as a habitual offender when the state stated in open court, immediately after the defendant was convicted, that it was filing a bill of information to have him adjudicated a fourth-felony habitual offender.
We further find that the instant life imprisonment sentence is legal. The court in State v. Dorthey, 623 So.2d 1276 (La.1993), determined that if the trial court finds, at the time the defendant is ultimately sentenced, that the punishment mandated by La. R.S. 15:529.1 makes no “measurable contribution to acceptable goals of punishment” or that the sentence amounted to nothing more than “the purposeful imposition of pain and suffering” and is “grossly out of proportion to the severity of the crime,” the trial court has the option, indeed the duty, reduce such sentence to one that would not be constitutionally excessive. Pursuant to La. R.S. 40:966(C), possession of ecstasy carries a sentence up to 10 years. Two of the defendant’s prior felonies were punishable by imprisonment for 10 years or more. Due to the defendant’s extensive criminal history, the trial court had 17a duty to sentence the defendant to life imprisonment. La. R.S. 15:529.1 (A)(4)(b).
Since the defendant is already serving a mandatory life sentence for the distribution of cocaine conviction, the imposition of this additional life imprisonment sentence will have no effect on him. The trial court judge labeled this case as “one of the beating dead horse syndromes we have.” We agree. This assignment of error is without merit.
CONCLUSION
The defendant’s second adjudication as a fourth felony habitual offender and the accompanying sentence of life imprisonment without benefits are affirmed.
AFFIRMED.

. The possession of ecstasy count was not included in the habitual offender proceeding, and the trial court did not impose a sentence for that charge.

. While the caption of this bill charged Dukes with being a fifth-felony offender, he was substantively charged as a fourth-felony offender. The bill lists four prior felony convictions in *1258 addition to the instant conviction for possession of a Schedule I CDS, ecstasy. However, two of his crimes were committed on the same day and prior to October 19, 2004. Therefore, they are treated as one felony conviction, such that the defendant is only a fourth-felony offender.
Furthermore, the state did not include as a predicate offense the defendant’s conviction for distribution of a Schedule II CDS, cocaine. Had the state done so, then the defendant could have been adjudicated a fifth-felony offender. However, the state may have intentionally omitted this offense from the bill of information because Dukes would have received the same sentence under La. R.S. 15:529.1, had he been adjudicated as either a fourth- or fifth-felony offender.